```
UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
```

RONNIE COLE,

                Plaintiff,

                                            **Hon. Hugh B. Scott**

                v.

                                            08CV512

                                            (CONSENT)

BRIAN FISCHER, ET AL.,

                                            **Order**

                Defendants.

Before the Court are plaintiff's motions to compel (Docket No. 57[1]) and for sanctions under Rule 11 (Docket Nos. 73, 76[2]). Also pending is plaintiff's motion for summary judgment (Docket No. 44), which has been held in abeyance pending resolution of these procedural motions (Docket No. 79). On April 13, 2009, the parties consented to proceed before the undersigned as Magistrate Judge (Docket No. 43).

---

[1] In support of this motion, plaintiff submits an affidavit, Docket No. 58; brief in support of the motion to compel discovery, Docket No. 59. He also submits his objections to extension of time to defendants, Docket No. 88, his reply to defense use of his medical records, Docket Nos 90, 95, and his reply to defense use of his mental health records, Docket No. 91.
    In opposition, defendants submit their attorney's declaration, with exhibits, Docket No. 84.

[2] In support of this motion, plaintiff submits a notice of motion, Docket No. 73; his declaration, Docket No. 74; disclosure in support of this motion, Docket No. 75; and the request for sanctions, Docket No.76.
    In opposition, defendants also submit their attorney's declaration (with exhibits), Docket No. 84.

BACKGROUND

In this § 1983 action, plaintiff, a pro se inmate, alleges that he suffered second degree burns from a makeshift heating pad made by some of the defendants in 2007, the result of alleged deliberate indifference to his medical needs in violation of his Eighth Amendment rights (see Docket No. 59, Pl. Br. at 1). He also alleges failure to protect, failure to act to remedy a wrong, creating and allowing an unconstitutional custom, failure to train, supervise, manage subordinates, deficient management in allowing continued retaliation of false misbehavior reports, and violations of Eighth and Fourteenth Amendments (see Docket No. 1, Compl.). Defendants filed separate Answers (Docket Nos. 20-27, 29-31, 33-36).

*Plaintiff's Motion to Compel*

The issue in these pending procedural motions is defendants' production of discovery. Plaintiff served his discovery demands upon defense counsel on or about February 16, 2009 (Docket No. 58, Pl. Aff. ¶ 2), including his First Set of Interrogatories (Docket No. 60; see Docket No. 84, Defs. Atty. Decl. Ex. B) and First Request for Production of Documents (Docket No. 61). On March 2, 2009, plaintiff claims that he filed his First Request for Production of Documents (Docket No. 61, filed May 26, 2009; see Docket No. 59, Pl. Br. at 1; but cf. Docket No. 58, Pl. Aff. ¶ 3 (claiming filed Second Set of Request on March 2, 2009)). In his motion to compel, he argues that defendants did not respond within 30 days as required by Federal Rule of Civil Procedure 34(b)(2)(A) (Docket No. 59, Pl. Br. at 1-2; Docket No. 58, Pl. Aff. ¶ 3). Defense counsel did not respond to plaintiff's April 27, 2009, letter regarding this outstanding discovery (Docket No. 58, Pl. Aff. ¶ 4). Plaintiff wrote again on May 1, 2009, to defense counsel requesting responses to his outstanding discovery (id. ¶ 5). Plaintiff argues that his demands,

including personnel records of defendants, is relevant to his claims (Docket No. 59, Pl. Br. at 3-4).

On May 18, 2009, defendants filed their Answers to Plaintiff's First Set of Interrogatories (Docket No. 52), and their First Production of Documents (Docket No. 51).

On May 27, 2009, shortly after filing of the motion to compel, the Court ordered defense counsel to review the discovery produced to see if anything else needed to be produced and whether plaintiff's motion sought material pertinent to this case (Docket Nos. 56, 62, 71). At the status conference held on July 9, 2009, defense counsel reported that she had produced over 200 pages of documents from plaintiff's grievances and was preparing to produce his medical records (consisting of over 900 pages). Defense counsel stated that she needed further specification as to plaintiff's demands for materials about disciplinary or other grievance proceedings involving the defendants, and the Court directed plaintiff to supplement his demands in that regard and confirm to the Court what discovery remained outstanding. (Docket No. 77.)

*Plaintiff's Motion for Sanctions*

Not satisfied with defendants' response to discovery demands, plaintiff moves for Rule 11 sanctions arguing that defendants knowingly and intentionally made false, misleading, and unsupported allegations regarding plaintiff's February 16, 2009, discovery demands (Docket Nos. 73, 76). Plaintiff documents the discovery he submitted to the Court Clerk on or about February 16, 2009, to establish that he had in fact submitted for filing his discovery demands (Docket No. 75, Pl. Disclosure, Ex. A), as well as proof of service upon defense counsel (at its Buffalo regional office) (id., Ex. C) and the cover letter to defense counsel (id., Ex. D). Plaintiff claims that defendants made false and misleading reports on May 7 and 8, 2009 (Docket No. 75,

3

Pl. Disclosure, Ex. B), regarding whether plaintiff served and filed his initial discovery demands (Docket No. 74, Pl. Decl. at 1). He contends that defendants' statements are attempts to stall, delay and cost plaintiff in submitting copies or additional discovery demands (id.). In a May 7, 2009, letter defendants sought plaintiff to resend the interrogatories and document request because they were not received (although the regional office of the Attorney General had plaintiff's other case, No. 08CV699, but not this case) (Docket No. 75, Ex. B). While in the May 8, 2009, letter, defense counsel wrote that she located plaintiff's discovery demands that seemed to have been sent to Albany and requested a 30-day extension from that date to comply with them (id.).

Plaintiff claims that he sent three sets of demands because of defense counsel's claimed non-receipt (Docket No. 76, Pl. Request for Sanctions ¶ 13), at a cost of ten cents per page and postage of $5.60 (id. at page 6), although he does not state the number of pages he had to reproduce.

*Defense Responses*

As for plaintiff's motion for sanctions, defense counsel repeats the chronology of her correspondence with plaintiff, that at first she believed that the discovery needed to be resent but was found the next day. writing to plaintiff indicating that the demands were found (Docket No. 84, Defs. Atty. Decl. ¶¶ 2-5, Exs. C, D). Instead of attempting to resolve the matter short of filing motions, defendants conclude that plaintiff has resorted to motion practice (id. ¶ 6). Defendants contend that, in furnishing initial disclosures to plaintiff, they were responsive to much of his document production demands he later made (id. ¶ 7). Pointing to defense counsel's

good faith efforts regarding discovery in this case, defendants conclude that plaintiff's sanction motion should be denied (id. ¶¶ 8-9).

As for his motion to compel, defendants argue that the initial Rule 26(a) disclosure satisfied much of what he requested in document demands, as well as defendant's subsequent responses to plaintiff's separate document production and answers to his Interrogatories (id. ¶¶ 10, 12, Ex. B). Defendants objected to producing psychiatric and medical records of DOCS employees as not being relevant to this case and privileged from disclosure by HIPAA (id. ¶ 11). In their answers to Interrogatories, defendants noted that they could not answer certain requests and asked that plaintiff refine his questions, instead plaintiff served an entirely new set of Interrogatories (id. ¶¶ 12, 13, Ex. B). Defendants have not responded to these second set of Interrogatories (id. ¶ 14), but subsequently filed their answers (Docket No. 85) and responses to document demands (Docket Nos. 86, 87). As for one interrogatory, involving questions about plaintiff's prior criminal activity, defendants conclude that these are unrelated to his present injury claim (Docket No. 84, Defs. Atty. Decl. ¶ 15). Defendants deny having any tapes or electronic recordings that they intend to use at trial and all material has been produced to plaintiff (id. ¶ 16), including medical records provided once defendants obtained plaintiff's authorization (id. ¶ 17), and they state that they have not retained an expert to require expert disclosures (id. ¶ 18).

*Subsequent Proceedings*

Eventually, response to both motions was due by August 5, 2009, with any reply due by August 20, 2009, and the motions were submitted (without oral argument) on August 20, 2009 (Docket Nos. 79, 81), despite plaintiff's objection to granting defendants an extension of time

(see Docket No. 88[3]). Plaintiff also filed various documents objecting to the use of his medical and mental health records (Docket Nos.90, 95, 91) but plaintiff has not moved for a protective Order to restrict the use of these records. Plaintiff argues that his claim is limited to the second degree burns suffered on his back on December 29, 2007, and subsequent treatment of that injury (or lack thereof) from then to February 11, 2008 (Docket No. 90, Pl. Reply at 1); he objects to the use of medical records outside of this period and use of any of his mental health records as being beyond the scope of this action (id. at 2; Docket No. 91). Defendants have not responded to these contentions.

DISCUSSION

I. Applicable Standards

A. Motion to Compel

Discovery under the Federal Rules is intended to reveal relevant documents and testimony, but this process is supposed to occur with a minimum of judicial intervention. See 8A Charles A. Wright, Arthur R. Miller & Richard L. Marcus, Federal Practice and Procedure § 2288, at 655-65 (Civil 2d ed. 1994). Federal Rule of Civil Procedure 37(a) allows a party to apply to the Court for an order compelling discovery, with that motion including a certification that the movant in good faith conferred or attempted to confer with the party not making the disclosure to secure that disclosure without court intervention. Fed. R. Civ. P. 37(a)(2)(A). Imposition of Rule 37(d) sanctions for failure to comply with discovery demands must be weighed in light of the full record. Cine Forty-Second Street Theatre Corp. v. Allied Artists

---

[3]On the same day of this objection, plaintiff requested that he be granted an extension of time due to his medical condition, Docket No. 89, see also Docket No. 93, Order canceling conference in light of this request for extension.

Pictures, 602 F.2d 1063, 1068 (2d Cir. 1979). Rule 37(d) calls upon the Court to make such Orders in regard to disclosure failures as are just. This Court has wide discretion to impose sanctions and determine the type of sanction to be imposed under Rule 37(d). See Reilly v. NatWest Markets Group Inc., 181 F.3d 253, 267 (2d Cir. 1999), cert. denied, 528 U.S. 1119 (2000). The rule lists various sanctions including preclusion or dismissal of claims. Fed. R. Civ. P. 37(d), (b)(2)(A)(i) (facts established), (ii) (refusing to allow disobedient party to support claim or defense), (iii) (striking pleadings), or (vii) (contempt of court for failing to produce witness, as well as payment of opponent's reasonable expenses, and attorneys' fees). The dismissal of a defense or preclusion of evidence for failure to respond to a discovery request is a drastic remedy. Burnett v. Venturi, 903 F. Supp. 304, 309 (N.D.N.Y. 1995); see National Hockey League v. Metropolitan Hockey Club, 427 U.S. 639, 643 (1976) (per curiam) (dismissal as severest sanction).

  B. Sanctions

Under Rule 11, after notice and a reasonable opportunity to respond, if the Court determines that Rule 11(b) (the representations made by signature of court papers) has been violated, the Court "may impose an appropriate sanction on any attorney, law firm, or party that violated the rule or is responsible for the violation," Fed. R. Civ. P. 11(c)(1). Rule 11 **does not apply** however, to disclosure and discovery requests, responses, objections and motions under Rules 26 through 37, Fed. R. Civ. P. 11(d). Rule 37 contains its own sanction provision, see Fed. R. Civ. P. 37(a)(5).

C.     Motion for a Protective Order

Although plaintiff has not formally moved for a protective Order, his filings (Docket Nos. 90, 91, 95) essentially seek restricted use of his medical and mental health records produced in this case. Under Rule 26(c), this Court may issue a protective Order to protect a party "from annoyance, embarrassment, oppression, or undue burden or expense" by not having a proposed disclosure or discovery device, or conditioning the time and manner of that discovery. Fed. R. Civ. P. 26(c)(1), (1)(B)-(C); see id. R. 26(c)(1)(D) (limit the scope or the matters inquired into).

II.     Motion to Compel

Here, plaintiff moved to compel answers to his initial interrogatories and first set of document demands (Docket No. 57). Meanwhile defendants filed responses to these demands (Docket Nos. 51, 52). At a subsequent status conference, defense counsel reported the additional documents that either were produced or would be produced in the near future. Plaintiff did not object to the extent of production in the filed discovery or the documents defendants reported as having produced. Plaintiff's motion to compel is thus moot and is **denied**.

III.    Sanctions Motion

Plaintiff argues that the May 7 and 8 letters from defense counsel, denying receipt of his discovery demands, was false and misleading, causing him to incur additional costs and delay in this action. First, this motion is addressed to discovery requests and responses thereto and by its very terms Rule 11 does not apply to such papers. As a result, plaintiff's motions (Docket Nos. 73, 76) on the basis of Rule 11 are **denied**.

As noted above, Rule 37(a)(5) governs the conduct of discovery and include sanctions for non-compliance. Under that rule if the motion to compel is granted, the Court must require the

8

opponent to pay the movant's reasonable moving expenses related to the motion to compel, Fed. R. Civ. P. 37(a)(5)(A), but if this motion is denied, then there is no expense award to the movant[4].

Plaintiff has not been prejudiced by the ninety-day delay (the period sought by defense counsel in the claimed missing discovery demands plus the time before plaintiff's demands were actually answered). In that period he moved for summary judgment without noting his inability due to missing discovery. Defendants also indicate that the demands ultimately were found and responded to. Thus, viewing plaintiff's pro se motion as one for Rule 37 sanctions, cf. Haines v. Kerner, 404 U.S. 519 (1972) (per curiam) (the pleadings of a pro se party are to be liberally construed), plaintiff's motions for sanctions (Docket Nos. 73, 76) are **denied**.

IV.     Protective Order

Plaintiff's subsequent filings seek, essentially, a protective Order against the use of portions of his medical and mental health records not related to the claims he made in this case. He couched his request in terms of what defendants should be able to review (Docket No. 91, Pl. Reply ¶ 3). As for plaintiff's mental health records, plaintiff's claim also alleges that he suffered mental anguish as a result of the use of the purportedly inappropriate heating pad (see Docket No. 1, Compl. ¶ 53). Thus, plaintiff's request on this ground is **denied**; his mental health is relevant to this claim and is discoverable. As for the non-heating pad injury medical records,

---

[4] In fact, the Court must order the **movant** to pay the opponent's reasonable costs in defending the motion unless the motion was substantially justified or other circumstances make imposing such an award unjust, Fed. R. Civ. P. 37(a)(5)(B). Here, plaintiff was justified in moving to compel given the delay in production and the responses he received from defense counsel prior to production. Additionally, the Court granted plaintiff in forma pauperis status, Docket No. 7, thus an award of motion defense costs against him would be unjust.

plaintiff has alleged other aspects of his medical record had been tampered with (such as his accusation against Dr. Bukowski alleging that he falsified entries in these records, see Docket No. 1, Compl. ¶ 40). This makes his entire medical record relevant to this case and allow defendant discovery of this record to determine, for example, if any entries were in fact tampered with or falsified. Thus, defendants **are entitled** to review plaintiff's medical records and plaintiff's request to restrict this review is **denied**.

V.      Briefing Schedule for Plaintiff's Summary Judgment Motion

Previously, the Court set the briefing schedule for plaintiff's pending summary judgment motion, with responses due May 15, 2009, and any reply due by May 25, 2009 (Docket No. 45), then extended responses to May 20, 2009, and replies by June 5, 2009 (Docket No. 50). Defendants submitted their responding papers (Docket Nos. 54-55). Thus, plaintiff's time to reply needs to be reset.

Plaintiff wrote to Chambers (letter of July 1, 2009), indicating that he was about to undergo surgery in non-Department of Correctional Services facility and thus may be out of contact with the Court during that procedure. In his subsequent motion for extension of time (Docket No. 89, filed August 17, 2009), plaintiff sought sixty days in order to heal from surgery. Plaintiff's motion for an extension is **granted in part**. Factoring in plaintiff's recovery schedule, plaintiff has until **October 9, 2009,** in order to file a reply and the motion for summary judgment will be deemed submitted as of **October 9, 2009**. It is noted that plaintiff already has filed papers that appear to be in reply to defendants' objections to his motion for summary judgment (Docket Nos. 92, 96), but to have a complete record he has until **October 9, 2009**, to supplement

10

or submit his reply as to the motion for summary judgment. If plaintiff needs more time, he should submit a timely application for a further extension

Parties are reminded that if plaintiff is relocated during the course of his treatment, he should update the Court with his current address and defendants are to assist the Court in furnishing plaintiff's updated location information while he is in Department of Correctional Services' custody (see Docket No. 38, Scheduling Order, ¶ 11).

## CONCLUSION

For the reasons stated above, plaintiff's motion to compel (Docket No. 57) is **denied**. Plaintiff's motion for sanctions (Docket Nos. 73, 76) is **denied**. Plaintiff's requests (deemed to be motions for a protective Order) regarding his mental health records (Docket No. 91) is **denied**, and his request regarding his medical records (Docket Nos. 90, 95) is also **denied**.

Plaintiff's motion for extension of time (Docket No. 89) is **granted in part**. Plaintiff's time to reply to his pending summary judgment motion (Docket No. 44) is by **October 9, 2009**, and that motion will be deemed submitted as of that date.

So Ordered.

*/s/ Hugh B. Scott*
Honorable Hugh B. Scott
United States Magistrate Judge

Dated: Buffalo, New York
September 18, 2009