```
UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
```

RONNIE COLE,

                  Plaintiff,

                                          **Hon. Hugh B. Scott**

                  v.

                                          08CV512

                                          (CONSENT)

BRIAN FISCHER, ET AL.,

                                          **Order**

                  Defendants.

Before the Court is plaintiff's motion for summary judgment (Docket No. 44[1]), essentially for partial summary judgment as to one claim. Responses to this motion initially were due by May 15, 2009, and replies were due by May 25, 2009 (Docket No. 45), but this schedule was extended with responses due May 20, 2009, and any replies by June 5, 2009 (Docket No. 50). This motion was held in abeyance pending resolution of other procedural motions (Docket Nos. 56, 79; see also Docket Nos. 57, 73, 76, 89), which were decided on September 18, 2009 (Docket No. 97). On April 13, 2009, the parties consented to proceed before the undersigned as Magistrate Judge (Docket No. 43).

---

[1] In support of this motion, plaintiff submits his affidavit, memorandum of law, Docket No. 44; his statement of uncontested material facts, Docket No. 65; his affirmation in reply to defendants' declaration, Docket No. 66; plaintiff's second memorandum in law, Docket No. 67; exhibits of documents from the manufacturer of the underpad, Docket Nos. 69, 70; his affidavit, Docket No. 92; his supplemental reply affirmation, Docket No. 98; his third memorandum of law, Docket No. 99; and his second statement of uncontested material facts, Docket No. 100 (repeating the statements made in the initial statement).
     In opposition, defendants submit their attorney's declaration, Docket No. 54; their memorandum of law in opposition, Docket No. 55.

BACKGROUND

In this § 1983 action, plaintiff, a pro se inmate, alleges that he suffered second degree burns from a makeshift heating pad made by one of the defendants in 2007, the result of alleged deliberate indifference to his medical needs in violation of his Eighth Amendment rights (see Docket No. 59, Pl. Br. at 1). He also alleges failure to protect, failure to act to remedy a wrong, creating and allowing an unconstitutional custom, failure to train, supervise, manage subordinates, deficient management in allowing continued retaliation of false misbehavior reports, and violations of Eighth and Fourteenth Amendments (see Docket No. 1, Compl.), but he appears not to assert these claims in his present summary judgment motion. Defendants filed separate Answers (Docket Nos. 20-27, 29-31, 33-36).

Plaintiff's present motion is the deliberate indifference claim arising from the burns he allegedly suffered from the makeshift heating pad. According to his uncontested statement of material facts (see Docket Nos. 65, 100), see also W.D.N.Y. Loc. Civ. R 56.1(b) (papers opposing summary judgment "shall" include statement of material facts), (c) (facts in statement deemed admitted unless controverted by opponent's statement), on December 29, 2007, plaintiff was an inmate in the regional medical unit of Wende Correctional Facility (e.g., Docket No. 65, Pl. Statement ¶ 1). Registered nurse defendant R. Nagel[2] provided plaintiff with the makeshift pad, using a blue "chux"or "Chuck" pad (a disposable underpad), dampening it, rolling it into a ball, taping it together, and placing it in a microwave oven for what plaintiff terms "an extended period of time" (id. ¶ 3; Docket No. 92, Pl. Aff. ¶ 10). Nagel then applied this pad on plaintiff's back causing second degree burns to plaintiff's back (Docket No. 65, Pl. Statement ¶ 3). Plaintiff

---

[2]Or "R Negal," as claimed by plaintiff, see Docket No. 65, Pl. Statement ¶¶ 2-4.

points out that Nagel did not manufacture heating pads or test them pursuant to medical device standards (id. ¶ 4) and Nagel used materials (blue chux pad and surgical tape) not intended to be used as a heating pad (id. ¶5). Plaintiff next claims that the makeshift pad was adulterated under the Federal Food, Drug and Cosmetic Act (id. ¶ 6).

In a separate Affidavit (Docket No. 92), plaintiff states that, on December 28, 2007, defendant nurse practitioner J. Wrest previously prescribed a warm/hot pack be applied to plaintiff's back, but failed to know if and how her written order would be complied with. Plaintiff contends that Nagel disregarded this order the next day by making the makeshift heating pad. (Docket No. 92, Pl. Aff. ¶ 3.) Here, plaintiff alleges that defendants failed in their duty that "higher level officials" (such as the Commissioner, chief medical officer, and superintendent) owed to inmates of adequate and reasonable care and freedom from serious injury (id. ¶ 7). This duty was breached when they allowed a microwave oven, usually used for heating food, to be used for medical purposes (id. ¶ 8). He claims that he suffers from permanent scarring (an 8 inch by 4 inch scar) from the burns received from the makeshift pad, which was treated from December 30, 2007, to February 11, 2008, when discontinued by defendant Radder (id. ¶ 9). Plaintiff continued to be prescribed pain medication through November 2008 and a skin cream ordered by defendant Dr. Bukowski in June 2008 (id.).

Defendants deny that plaintiff has presented concrete evidence that he was burned or the cause of any such burn (Docket No. 54, Defs. Atty. Decl. ¶ 5; Docket No. 55, Defs. Memo. at fourth unnumbered page). They argue that plaintiff has not met the standard for deliberate

indifference, alleging at most medical malpractice (Docket No. 54, Defs. Atty. Decl. ¶ 6). Defendants intend to move for summary judgment at the conclusion of discovery (id. ¶ 7[3]).

DISCUSSION

I.  Applicable Standards

    A.  Motion for Summary Judgment

Summary judgment is appropriate only if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. Ford v. Reynolds, 316 F.3d 351, 354 (2d Cir. 2003); Fed. R. Civ. P. 56(c). The party seeking summary judgment has the burden to demonstrate that no genuine issue of material fact exists. In determining whether a genuine issue of material fact exists, a court must examine the evidence in the light most favorable to, and draw all inferences in favor of, the non-movant. Ford, supra, 316 F.3d at 354. "A dispute regarding a material fact is genuine 'if the evidence is such that a reasonable jury could return a verdict for the nonmoving party.' " Lazard Freres & Co. v. Protective Life Ins. Co., 108 F.3d 1531, 1535 (2d Cir.) (quoting Anderson v. Liberty Lobby, 477 U.S. 242, 248 (1986)), cert. denied, 522 U.S. 864 (1997). While the moving party must demonstrate the absence of any genuine factual dispute, Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986), the party against whom summary judgment is sought, however, "must do more than simply show that there is some metaphysical doubt as to the material facts. . . . [T]he nonmoving party must come forward with specific facts showing that there is a genuine issue for

---

[3]Under the current Scheduling Order, Docket No. 38, discovery was to conclude on September 2, 2009, and dispositive motions will be due by December 2, 2009. No one has sought extension of these deadlines.

trial." Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586-87 (1986) (emphasis in original removed); McCarthy v. American Intern. Group, Inc., 283 F.3d 121, 124 (2d Cir. 2002); Marvel Characters v. Simon, 310 F.3d 280, 285-86 (2d Cir. 2002).

The Local Civil Rules of this Court require that movant and opponent each submit "a separate, short, and concise" statement of material facts, and if movant fails to submit such a statement it may be grounds for denying the motion, W.D.N.Y. Loc. Civ. R. 56.1(a), (b). The movant is to submit facts in which there is no genuine issue, id. R. 56.1(a), while the opponent submits a statement of material facts as to which it is contended that there exists a genuine issue to be tried, id. R. 56.1(b). "Each statement of material fact by a movant or opponent must be followed by citation to evidence which would be admissible, as required by Federal Rule of Civil Procedure 56(e)," with citations identifying "with specificity" the relevant page or paragraph of the cited authority, id. R. 56.1(d). All material facts stated in movant's statement that are not controverted by opponent's counter-statement shall be deemed admitted, id. R. 56.1(c). The purpose of these statements, and the appendix of supporting evidence, id. R. 56.1(d), is to summarize and highlight for the Court the material factual issues, the authority in the evidentiary record for the purported facts, and whether the parties believe they are in dispute.

One additional factor here is the fact that plaintiff is proceeding pro se. As such, this Court must liberally construe his pleadings, see Haines v. Kerner, 404 U.S. 519 (1972) (per curiam); see also Estelle v. Gamble, 429 U.S. 97, 106, 107 (1976).

B.     Deliberate Indifference

Under the Eighth Amendment, in order to state a claim for inadequate medical treatment, plaintiff must allege that defendants acted with "deliberate indifference to [a] serious medical

need," LaGrange v. Ryan, 142 F. Supp. 2d 287, 293 (N.D.N.Y. 2001); see Gamble, supra, 429 U.S. at 104; see also Gregg v. Georgia, 428 U.S. 153, 173 (1976) (the Eighth Amendment prohibits infliction of "cruel and unusual punishments" which includes punishments that "involve the unnecessary and wanton infliction of pain.") (citations omitted); Hathaway v. Coughlin, 37 F.3d 63, 66 (2d Cir. 1994), cert. denied sub nom. Foote v. Hathaway, 513 U.S. 1154 (1995). "To establish an unconstitutional denial of medical care, a prisoner must prove 'deliberate indifference to [his] serious medical needs.'" Hathaway, supra, 37 F.3d at 66 (quoting Estelle, supra, 429 U.S. at 104). Mere negligent treatment or malpractice upon a suspect, however, does not create an Eighth Amendment violation, see Corby v. Conboy, 457 F.2d 251, 254 (2d Cir. 1972).

This claim has two elements, an objective component, that the deprivation must be sufficiently serious; and a subjective component, that the defendant official must act with sufficiently culpable state of mind. Hathaway, supra, 37 F.3d at 66. "Sufficiently serious" for the objective component contemplates "a condition of urgency, one that may produce death, degeneration, or extreme pain." Nance v. Kelly, 912 F.2d 605, 607 (2d Cir. 1990) (Pratt, J., dissenting) (quoted in Hathaway, supra, 37 F.3d at 66). Plaintiff needs to prove that defendants wantonly intended to cause him to suffer. Wilson v. Seiter, 501 U.S. 294, 302 (1991).

II. Application–Deliberate Indifference

Here, plaintiff moved for summary judgment alleging that defendant Nagel was deliberately indifferent to his medical care.

Although defendants contend (in conclusory manner, cf. Docket No. 55, Defs. Memo. at fourth unnumbered page) that plaintiff fails to offer concrete evidence of injury or causation

6

(Docket No. 54, Defs. Atty. Decl. ¶ 5), they have not submitted an opposing statement of fact to counter plaintiff's statement, cf. W.D.N.Y. Loc. Civ. R. 56.1(b), (c). But a review of plaintiff's moving papers (even factoring in the fact that he is proceeding pro se) shows that he has not established either element for his deliberate indifference claim. As for the objective element, he has not shown that his alleged injuries (second degree burns on his back), are sufficiently serious (such as showing degeneration or extreme pain) to be a constitutional violation. Gamble is instructive. In that case, the pro se inmate plaintiff Gamble was injured when a bale of cotton fell on him. He alleged that he received deficient care for his injured back. Gamble, supra, 429 U.S. at 99-100. In announcing the standard for deliberate indifference to medical condition under the Cruel and Unusual Punishment Clause, see id. at 106, the Gamble Court rejected the inmate's contention that the fact his back was not x-rayed did not rise to the level of deliberate indifference, that the decision whether to conduct x-rays or not was a question of medical judgment not subject to constitutional review, id. at 107.

As for plaintiff's alleged second-degree burns, cases regarding delayed inmate medical treatment are also instructive. Courts in those situations have held that delays in treatment of second-degree burns did not rise to level of deliberate indifference, see Rios v. Santa Clara County Dep't of Corrections, No. C02-1815MMC, 2002 WL 1285045 (N.D. Cal. June 5, 2002), at *2; Sperow v. Seay, No. 90 C 1211, 1991 WL 60580, at *1-2 (N.D. Ill. Apr. 15, 1991).

Plaintiff here has not alleged that his condition was rapidly deteriorating or life threatening. cf. Liscio v. Warren, 901 F.2d 274, 277 (2d Cir. 1990) (distinguishing that case from Gamble, finding there that the failure to treat that inmate's back condition did not constitute deliberate indifference). He merely alleges malpractice in applying this created heating pad on

his back, asserting that the use of this "pad" violates standards of medical practice (Docket No. 44, Pl. Aff. ¶ 11; see id., Pl. Memo. at 1 (citing New York State cases) or created an inappropriate medical device (Docket No. 65, Pl. Statement ¶¶ 4-6). In fact, plaintiff expressly argues that he has made a prima facie case of malpractice (Docket No. 44, Pl. Memo. at 1-2). But mere negligence is not sufficient to state a claim for deliberate indifference, see Gamble, supra, 429 U.S. at 106.

As for the subjective component, plaintiff has not shown that Nagel (or the other defendants) had a sufficiently culpable state of mind to have wanted to cause plaintiff to suffer, see Wilson v. Seiter, supra, 501 U.S. at 302. Plaintiff here does not allege that defendant Nagel's actions (negligent at best) were intentional, see also Sperow, supra, 1991 WL 60580, at *2, to establish the subjective component for a deliberate indifference claim.

Thus, plaintiff's motion for (partial) summary judgment as to his deliberate indifference claim (Docket No. 44) is **denied**. Defendants, however, have not yet moved for summary judgment or cross-moved here for dismissal of claims against Nagel and against the other defendants for plaintiff's deliberate indifference claim. This decision only addresses plaintiff's present motion and does not dismiss this claim against Nagel (or any other defendant) at this time.

III.     Supervisory Liability

One of plaintiff's replies indicates his claim that the other defendants had supervisory liability for his injuries due to allowing a cooking microwave oven to be used to heat a makeshift heating pad (see Docket No. 92). Plaintiff contends that the "Higher Level Defendant(s)" (such as Bukowski, the Commissioner, the Superintendent, medical supervisory officials) failed to

remedy the problem of the use of the makeshift heating pad (id. ¶ 11). He contends that these defendants were aware of the use of the microwave oven for this purpose and failed to stop it (id.). Plaintiff concludes that these supervisory officials "personally had a job to do, and did not do it" and this failure established their respective deliberate indifference (id. ¶ 16, quoting Hill v. Marshall, 962 F.2d 1209, 1213 (6th Cir. 1992), cert. denied, 509 U.S. 903 (1993)). But the text quoted by plaintiff from the Hill case involved the question of supervisory liability, where the defendant official, the then-deputy superintendent for treatment, had the duty of reviewing inmate complaints and had been found to have abandoned that duty, Hill, supra, 962 F.2d at 1213, 1212, and the Sixth Circuit there addressed deliberate indifference later in that opinion, see id. at 1214.

"Personal involvement of defendants in alleged constitutional deprivations is a prerequisite to an award of damages under [42 U.S.C.] § 1983," Moffitt v. Town of Brookfield, 950 F.2d 880, 885 (2d Cir. 1991); Wright v. Smith, 21 F.3d 496, 501 (2d Cir. 1994), this is especially required for supervisor liability, Hernandez v. Keane, 341 F.3d 137, 144-45 (2d Cir. 2003). "'Absent some personal involvement by [the supervisory official] in the allegedly unlawful conduct of his subordinates,' he cannot be liable under section 1983," Hernandez, supra, 341 F.3d at 145, quoting Gill v. Mooney, 824 F.2d 192, 196 (2d Cir. 1987). As noted by the Second Circuit in Hernandez, supra, 341 F.3d at 145,

> "The liability of a supervisor under § 1983 can be shown in one or more of the following ways: (1) actual direct participation in the constitutional violation, (2) failure to remedy a wrong after being informed through a report or appeal, (3) creation of a policy or custom that sanctioned conduct amounting to a constitutional violation, or allowing such a policy or custom to continue, (4) grossly negligent supervision of subordinates who committed a violation, or (5) failure to act on information indicating that unconstitutional acts were occurring.

9

> See Colon v. Coughlin, 58 F.3d 865, 873 (2d Cir. 1995) (citing Wright v. Smith, 21 F.3d 496, 501 (2d Cir. 1994)); see also Brock, 315 F.3d at 165-66."

It appears that plaintiff is asserting supervisors' liability under the last category, failure to act on information indicating that unconstitutional acts were occurring, but relying upon this incident and the grievances arising therefrom as the basis for that information. Even assuming these defendants owed plaintiff the duty he describes, as stated above the defendants' failure to act did not cause plaintiff a sufficiently serious injury to state a deliberate indifference claim. This is similar to the deliberate indifference claim rejected against the supervisor of medical staff in another correctional facility considered by the Second Circuit in Hernandez, supra, 341 F.3d at145, with the court rejecting that deliberate indifference of the supervisor can be inferred from the nature and extent of the constitutional violations of the staff he supervised. Plaintiff is not asserting respondeat superior liability, cf. Monell v. Dep't of Social Serv., 436 U.S. 658, 693-95 (1978); Hill, supra, 962 F.2d at 1213; Al-Jundi v. Estate of Rockefeller, 885 F.2d 1060, 1065 (2d Cir. 1989). For supervisory officials to be held liable for deliberate indifference, the elements for deliberate indifference must be found. Mere failure by a supervisor to act is insufficient basis to hold supervisor liable, see Rizzo v. Goode, 423 U.S. 362 (1976). The only actions plaintiff points to are his prison grievances following administration of the makeshift pad (see id. ¶¶ 11-15, Ex.). The correspondence reproduced in plaintiff's exhibit arises from the internal investigation of his grievance, indicating that, while plaintiff was believed to have suffered no significant or permanent damage, the matter was being investigated and other methods of pain relief were being explored to avoid a repetition of this incident (id., Ex.). In the cases plaintiff cites in support of his contention that deliberate indifference by supervisors is sufficient to

establish liability (id. ¶ 16) involve evidence of direct involvement by the supervisors in depriving those inmates of sought care, Aswegan v. Bruhl, 965 F.2d 676, 677-78 (8th Cir. 1992) (per curiam); or the inmate was asserting supervisory liability from failure to train staff and not liability from the supervisory's direct involvement in the inmate's care, Walker v. Norris, 917 F.2d 1449, 1456 (6th Cir. 1990). Plaintiff here does not assert any personal involvement by the "higher levels" save their handling of his grievances arising from this incident. This is not sufficient to meet the subjective component for deliberate indifference. Therefore, plaintiff's motion for summary judgment as to these defendants is **denied**. As stated above, this opinion does not address whether claims against these defendants (even for plaintiff's deliberate indifference claim) should be dismissed at this point.

## CONCLUSION

For the reasons stated above, plaintiff's motion for summary judgment (Docket No. 44) is **denied**.

So Ordered.

*/s/ Hugh B. Scott*
Honorable Hugh B. Scott
United States Magistrate Judge

Dated: Buffalo, New York
       November 4, 2009