```
UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
```

RONNIE COLE,

      Plaintiff,

      v.

BRIAN FISCHER, ET AL.,

      Defendants.

**Hon. Hugh B. Scott**

08CV512

(CONSENT)

**Order**

Before the Court are (a) defendants' motion for extension of time to file their motion for summary judgment (Docket No. 106[1]), and (b) plaintiff's opposing motion to dismiss the defendants' motion (Docket No. 110[2]). Responses to the defense motion were due by February 22, 2010, and the motion was deemed submitted as of February 22, 2010 (Docket No. 108). On April 13, 2009, the parties consented to proceed before the undersigned as Magistrate Judge (Docket No. 43). On November 4, 2009 (Docket No. 101), and this Court denied plaintiff's motion for summary judgment (Docket No. 44). Familiarity with that ruling is presumed.

---

[1]In support of this motion, defendants submitted their counsel's declaration, with exhibit, Docket No. 107. In opposition is plaintiff's motion, Docket No. 110, and its supporting papers, Docket Nos. 111-12.

[2]In support of this opposing motion, plaintiff submits the notice of motion, Docket No. 110; plaintiff's affidavit, Docket No. 111; and his memorandum of law, Docket No. 112.

BACKGROUND

In this § 1983 action, plaintiff, a pro se inmate, alleges that he suffered second degree burns from a makeshift heating pad made by one of the defendants in 2007, the result of alleged deliberate indifference to his medical needs in violation of his Eighth Amendment rights (see Docket No. 59, Pl. Br. at 1), among other allegations (see Docket No. 1, Compl.). Defendants each filed separate Answers (Docket Nos. 20-27, 29-31, 33-36).

In response to plaintiff's summary judgment motion, defendants stated that they intended to move for summary judgment at the conclusion of discovery (Docket No. 54, Defs. Atty. Decl. ¶ 7[3]).

Plaintiff's motion for partial summary judgment as to liability was denied (Docket No. 101). This Court also noted that defendants had not sought summary judgment or cross-moved to dismiss claims against defendant Nagel or dismissal of the deliberate indifference claims against the other defendants and the Order deciding plaintiff's motion did not go beyond that (id. at 8, 11; see also Docket No. 54, Defs. Atty. Decl. ¶ 7). Defendants now explain that they had not filed their dispositive motion when plaintiff did because discovery was not completed (Docket No. 107, Defs. Atty. Decl. ¶ 2). Defendants did not file a motion after this Court's November 4, 2009, Order denying plaintiff relief.

Following that decision, plaintiff filed an appendix for trial (Docket No. 103), an appendix of trial exhibits (Docket No. 104), his pretrial statement (Docket No. 105), and what he

---

[3]Under the pretrial Scheduling Order, Docket No. 38, discovery was to conclude on September 2, 2009, and dispositive motions will be due by December 2, 2009. Prior to the present motion, no one has sought extension of those deadlines.

termed a "joint pre-trial order" (Docket No. 109), which the Court construes to be a supplement to his pretrial statement.

*Defense Motion*

The pretrial Scheduling Order (Docket No. 38) had dispositive motions due by December 2, 2009, and pretrial statements due by January 22, 2010, with the final pretrial conference and commencement of jury trial to be set at a later date. While plaintiff filed his pretrial papers, defendants seek additional time to file their summary judgment motion, seeking an extension to March 31, 2010, for that purpose (Docket No. 107, Defs. Atty. Decl. ¶ 2). Defense counsel argues that completing discovery (involving plaintiff's medical records) had precluded them from making their motion but discovery now is finished (id. ¶ 4). With fourteen defendants, a defense summary judgment motion will focus the issues and reduce the number of witnesses if a trial were to proceed (id. ¶ 3). Although noting that plaintiff had filed his pretrial statement, defendants contend that there would be no prejudice to him to this extension since no trial date had been set (id. ¶ 5). Alternatively, defendants seek an extension of time to submit their pretrial statement (id. ¶ 7, Ex. A).

*Plaintiff's Motion*

Rather than file opposing papers, plaintiff moves to dismiss the defense motion (Docket No. 110). First, he objects that defendants did not file a memorandum of law as he believes is required by this Court's Local Civil Rule 7.1(a) (Docket No. 110, Notice of Motion ¶ 1). But the rule requiring memoranda in support of motions is Local Civil Rule 7.1(e) and it provides that "absent leave of Court or as otherwise specified in this rule, upon any motion filed pursuant to Federal Rule of Civil Procedure 12, 56 or 65(a), the moving party shall file and serve with the

3

motion papers a memorandum of law and an affidavit in support of the motion . . .[and] failure to comply with this subdivision may constitute grounds for resolving the motion against the noncomplying party," W.D.N.Y. Loc. Civ. R. 7.1(e). Defendants' motion is not under Rule 56 but under Rule 16(b)(4), seeking to modify a Scheduling Order; that motion need not be supported by a memorandum of law.

Next, plaintiff argues that defendants violated the Scheduling Order by not meeting its deadlines (Docket No. 110, Notice of Motion ¶ 2). He argues that the only discovery activity involving him was requesting his execution of authorizations to obtain his medical records, records he claims were in defendants' custody (id. ¶ 3). He claims that defendants never replied to his summary judgment motion (id. ¶ 4; Docket No. 111, Pl. Aff. ¶ 3), but defendants did respond to that motion (see Docket Nos. 54, 55; see also Docket No. 101, Order at 1 n.1).

Plaintiff construes defendants' motion as one under Rule 56(f), seeking a continuance of the briefing schedule for plaintiff's summary judgment motion when opposing affidavits to a summary judgment cannot be made (Docket No. 112, Pl. Memo. at 2). He argues that defendants have the burden of showing their inability to respond to plaintiff's (now decided) motion or raise material issues of fact before the Court can extend the dispositive motion deadline for them (see Docket No. 110, Notice of Motion ¶¶ 12–20; Docket No. 111, Pl. Aff. ¶ 4; see generally Docket No. 112, Pl. Memo.)

Finally, plaintiff complains that defendants failed to act for eight months (from the April 2009 dispositive motion deadline) to file their own dispositive motion (Docket No. 110, Notice of Motion ¶ 6). Defendants thus have disregarded the Scheduling Order (as well as plaintiff's repeated attempts to settle this action) (id. ¶¶ 6, 7, 8).

DISCUSSION

As stated above, defendants' motion is not under Rule 56 or 56(f) but seeks a modification of the Scheduling Order under Rule 16(b)(4). Rule 16(b)(4) provides that "a schedule may be modified only for good cause and with the judge's consent." Rule 56(f) would apply if plaintiff's motion were still extant and defendants argued that they could not respond to it absent additional time to compile information for an affidavit. Defendants did file an attorney's Declaration (Docket No. 54) and Memorandum of Law (Docket No. 55) in response to plaintiff's earlier summary judgment motion and, as discussed above, this Court ruled on that motion. Although they did not file their statement of material facts (cf. Docket No. 101, Order at 5), the only thing defendants risked was the Court adopting the facts presented by plaintiff as being uncontested. What defendants seek here is time to file their own summary judgment motion.

In addition to not requiring a memorandum of law under this Court's Local Civil Rules, modification of a Scheduling Order is done only upon a showing of good cause, Fed. R. Civ. P. 16(b); see 6A Charles A. Wright, Arthur R. Miller & Mary Kay Kane, Federal Practice and Procedure § 1522.1, at 230-31(Civil 2d ed. 1990). "In the absence of some showing of why an extension is warranted, the scheduling order shall control." Id. at 231. This Court has broad discretion in preserving the integrity of its Scheduling Orders, see Barrett v. Atlantic Richfield Co., 95 F.3d 375, 380 (5th Cir. 1996), including the discretion to extend its deadlines when good cause is shown

Here, a defense summary judgment motion may serve the purposes stated by defense counsel, focusing the issues and reducing (if granted) the number of witnesses for a potential

trial. Despite not following the Scheduling Order (in obtaining joint consent or moving within the deadlines), good cause has been shown for this one, discrete extension. The Order on plaintiff's summary judgment motion (Docket No. 101, Order at 8, 11) denied him judgment and questioned the viability of some of plaintiff's claims (in particular the deliberate indifference claim against defendant Nagel and the supervisory liability claims against the "Higher Level Defendants," officials at Wende Correctional Facility and the Department of Correctional Services). Although the deadline for such motions (and defense pretrial statements) have passed, a final pretrial conference and trial date have yet to be set. Despite plaintiff's protests, he does not show how he would be prejudiced by a delay to allow for a defense dispositive motion; his only arguments are about unavailing settlement discussions, the limit of defendants' discovery, and their delay in making a dispositive motion. Defendants' alternative request to extend their time to file their pretrial statement would give them additional time to convey some of the same information that would be asserted in a defense summary judgment motion.

Defendants' motion (Docket No. 106) for extension of time is **granted**, and consequently plaintiff's opposing motion to deny defendants' motion (Docket No. 110) is **denied**. Defense dispositive motion is due by **April 9, 2010**. Plaintiff's response to any filed defense motion is due by **May 7, 2010**, and any defense reply is due by **May 14, 2010**. This motion shall be deemed submitted, without oral argument on **May 14, 2010**, unless the Court determines (upon review of the papers) that argument is necessary. Following decision of any such defense motion, the Court will enter a Final Pretrial Order with deadline for pretrial statements (or amendment or supplementation of statements and materials already filed), trial submissions, and scheduling the final pretrial conference and trial date.

CONCLUSION

For the reasons stated above, defendants' motion for extension of time to file a summary judgment motion (Docket No. 106) is **granted** and plaintiff's opposing motion to deny the defense motion (Docket No. 110) is **denied**.

So Ordered.

                                                /s/ Hugh B. Scott
                                              Honorable Hugh B. Scott
                                              United States Magistrate Judge

Dated: Buffalo, New York
       February 19, 2010