```
UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
```

RONNIE COLE,

           Plaintiff,

           v.

BRIAN FISCHER, et al.,

           Defendants.

**Hon. Hugh B. Scott**

08CV512

(CONSENT)

**Order**

      Before the Court is defendants' motion for summary judgment (Docket No. 114[1]). On April 13, 2009, the parties consented to proceed before the undersigned as Magistrate Judge (Docket No. 43). In response to plaintiff's partial summary judgment motion (Docket No. 44), defendants stated that they intended to move for summary judgment at the conclusion of discovery (Docket No. 54, Defs. Atty. Decl. ¶ 7). On November 4, 2009 (Docket No. 101), this Court denied plaintiff's motion for summary judgment (Docket No. 44). Later, defendants moved for leave to file this present motion (Docket No. 106; cf. Docket No. 110 (plaintiff's

---

[1] In support of this motion, each defendant submitted a declaration, Docket Nos. 118-31; the declarations of Mary Porto (another nurse at Wende), Docket No. 132, Janet Zimmerman (a clerk with medical records at Wende), Docket No. 133, and Myron Hughes (a corrections officer at Wende), Docket No. 134; their counsel's declaration, with exhibits, Docket No. 117; their memorandum of law, Docket No. 115; their statement of facts not in dispute, Docket No. 116; reply declarations of Bukowski and Clemens, Docket Nos. 141, 142; and reply memorandum of law, Docket No. 143.
      In opposition plaintiff submitted his declaration, Docket No. 137; his brief in opposition, Docket No. 138; his statement of disputed facts, Docket No. 139; plaintiff's affidavit, Docket No. 140.
      The Court also considered plaintiff's pretrial submissions, Docket Nos. 103, 104, 105.

motion to dismiss motion for extension of time to file dispositive motions)), which was granted on February 19, 2010 (Docket No. 113). Familiarity with those prior rulings is presumed.

Response to the present motion was due by May 7, 2010, any reply was due by May 14, 2010, and the motion was deemed submitted as of May 14, 2010 (Docket No. 113).

BACKGROUND

In this § 1983 action, plaintiff, a pro se inmate, alleges that he suffered second degree burns from a makeshift heating pad made by one of the defendants in 2007, the result of alleged deliberate indifference to his medical needs in violation of his Eighth Amendment rights (see Docket No. 59, Pl. Br. at 1), among other allegations (see Docket No. 1, Compl.). Defendants[2] each filed separate Answers (Docket Nos. 20-27, 29-31, 33-36).

On December 29, 2007, while housed at Wende Correctional Facility (hereinafter "Wende"), plaintiff complained of back pain. Plaintiff claims that defendant nurse Richard Nagel placed a heating pad into a microwave oven. Plaintiff questioned why he did not get an electric heating pad and Nagel purportedly stated that he did not have time to look for an electric heating pad and asked if plaintiff was rejecting treatment. Nagel then left and returned with a blue chuck pad placed into a ball with white nylon tape and instructed plaintiff to wrap that

---

[2] Plaintiff names various medical personnel he encountered at Wende Correctional Facility as well as supervisory officials to whom he filed grievances or appealed denials of relief. The defendants are Commissioner of Corrections Brian Fischer, Superintendent of Wende Correctional Facility Robert Kirkpatrick, deputy superintendent for administration and acting superintendent Susan Schumaker, deputy commissioner and chief medical officer of the Department of Correctional Services ("DOCS") Dr. Lester Wright, deputy superintendent for health Susan Post, Wende medical director Dr. Mary Clemens, Wende Dr. Stanley Bukowski, nurse practitioner at Wende Jennifer Wrest, DOCS statewide director of nursing services Donna Constant, Wende nursing director Bella Aiello-Howe, DOCS nurse administrator Sally Baxter, Wende lieutenant Andrew Sheridan, registered nurse at Wende Joyce Radder, and registered nurse at Wende Richard Nagel.

2

inside a towel (Docket No. 1, Compl. ¶ 20, at page 13 of 57). Plaintiff tried to use it for a half hour and then attempted to press a call button, which did not work. On the next day, plaintiff awoke to stinging pain on the right side of his back, claiming that the heating pad ordered by Nagel burned him. Defendant Dr. Mary Clemens ordered discontinuation of the heating pad. He claims that he has a blister on his back the size of a fifty cent piece (id. ¶ 27), and suffering from mental anguish (id. ¶ 53). In his subsequent grievance, defendants stated that he developed a blister which was treated with an antibiotic ointment and no permanent injury was noted (see Docket No. 140, Pl. Aff., Ex. 4, Grievance No. WDE-27919-08, Central Office Review Committee dated Feb. 27, 2008, for grievance filed Jan. 3, 2008; see also id., Ex. 6, Inmate Injury Report, Dec. 29, 2007, plaintiff complaining that he had a blister as a result of applying the hot pack, Facility Health Services Report, Dec. 30, 2007, noting that plaintiff had a blister the size of a fifty cent piece).

On January 23, 2008, plaintiff filed a grievance regarding this treatment, which defendant Susan Schumacher denied (Docket No. 1, Compl. ¶ 33). He appealed this grievance, writing to defendants Superintendent, Commissioner, Dr. Lester Wright, Schumacher, Susan Post, Dr. Clemens, Dr. Bukowski, Jennifer Wrest, Donna Constant, B. Aiello-Baxter (id. ¶ 34), each denying plaintiff. Plaintiff then alleges that defendant Joyce Radder retaliated against him for one month because he filed grievances against defendants and Radder (id. ¶ 35). On April 1, 2008, plaintiff claims that Radder filed false misbehavior reports against plaintiff (id.). Defendant Lieutenant Andrew Sheridan apparently had Radder file a new misbehavior report against plaintiff on April 2, 2008 (id. ¶ 37). At the Tier II hearing on these misbehavior reports,

plaintiff was found guilty, although he contends Radder lied (id. ¶ 39), with plaintiff being fined a $5 surcharge.

Plaintiff next contends that defendant Dr. Bukowski retaliated against plaintiff for his complaints to the Department of Health regarding Bukowski and Wrest allegedly falsifying entries in plaintiff's 2008 medical records (noting conditions, sinus infection, that plaintiff was never examined for) (id. ¶ 40). Plaintiff was denied access to the medical file in retaliation of complaint against defendant Dr. Bukowski (id. ¶ 43). Plaintiff claimed that Dr. Bukowski would deny seeing or treating plaintiff, claiming that plaintiff had refused treatment. Plaintiff contends that his complaints were not addressed (id. ¶ 44). Dr. Bukowski and Wrest did not tell plaintiff of this sinus infection. When plaintiff filed a written complaint to Dr. Clemens, she failed to act upon it (id. ¶ 45).

Plaintiff believes that the practice of using a kitchen microwave oven to heat medical appliances was longstanding and condoned by defendants (id. ¶ 47).

In this Complaint (id.), plaintiff alleges that defendants were deliberately indifferent to his medical needs, that they failed to protect, failed to act to remedy a wrong, and created and allowed an unconstitutional custom to exist. For the supervisory defendants, plaintiff claims that they failed to train, supervise, manage subordinates, were deficient in their management in allowing continued retaliation of false misbehavior reports, all of these in violation of Eighth and Fourteenth Amendments. Plaintiff sought $200,000 against Fischer, $500,000 each against Nagel, Radder, $300,000 each against remaining defendants in punitive damages (id. ¶ 56 b)); compensatory damages of $250,000 (id. ¶ 56 c)); and court costs, attorney's fees (id. ¶ 56 d)). He

4

also seeks removal of all false misbehavior reports from his file, an end of retaliation against him, and treatment of a sinus infection (id. ¶ 56 a), at page 26 of 57).

*Defense Motion*

Defendants now move for summary judgment (Docket No. 114). First, they contend that plaintiff was in the special housing unit at the time of the heating pad incident (Docket No. 117, Defs. Atty. Decl ¶ 6, Ex. D; Docket No. 142, Clemens Reply Decl. ¶ 5). They assert that Nagel dispensed a hot pack to plaintiff on December 29, 2007, for his back (Docket No. 116, Defs. Statement ¶ 4), with Wrest documenting the order in plaintiff's medical record (id. ¶ 5). Corded electric heating pads are not permitted for use in the medical unit (id. ¶ 6; Docket No. 142, Clemens Reply Decl. ¶¶ 3-5, Exs. A, B, C (DOCS directives against corded electrical devices for inmates in special housing unit) and Nagel warmed the pad in a microwave oven (Docket No. 116, Defs. Statement ¶ 6). Plaintiff was warned to use a towel with the hot pack (id. ¶ 7; Docket No. 131, Nagel Decl. ¶ 14; Docket No. 134, Hodges Decl. ¶ 5). Plaintiff reported a burn in his back on December 30, 2007, to nurse Mary Porto (Docket No. 116, Defs. Statement ¶ 14). Porto reported this to Dr. Clemens who discontinued the hot pack treatment and ordered a gauze dressing (id. ¶ 16; see also id. ¶ 17). Dr. Bukowski had three encounters with plaintiff regarding the burn and Dr. Clemens investigated plaintiff's subsequent complaint about the burn (id. ¶¶ 19-20, 22). Dr. Clemens spoke with plaintiff about his complaint against Dr. Bukowski and addressed plaintiff's concerns about the confidentiality of medical information (id. ¶¶ 23, 24). Other defendants were involved in investigating or processing plaintiff's grievance surrounding this burn (id. ¶¶ 28-31, 34).

5

Defendant Radder wrote a misbehavior report against plaintiff on April 1, 2008, because he yelled at her "what the hell's a matter with you" (id. ¶¶ 35-36). Plaintiff was found guilty of physical or verbal obstruction or interference with an employee, receiving a penalty of counsel and release (id. ¶ 37). The misbehavior report was endorsed (id. ¶ 39[3]) and later reviewed by defendant Sheridan, who upheld it following a hearing (id. ¶¶ 40, 41).

Defendants note that plaintiff claims a denial of due process but fails to specify how his rights were violated (Docket No. 115, Defs. Memo. at 3 n.1). As for his deliberate indifference claim, defendants conclude that (from plaintiff's medical record) he received medically sound care for his back pain, burn on his back, and for his urological condition (treated by non-party Dr. Turecki, see Docket No. 116, Defs. Statement ¶¶ 10-12, 21) (Docket No. 115, Defs. Memo. at 6-7). As for Commissioner Fischer, the mere fact that plaintiff wrote to him to complain alone does not establish Fischer's personal involvement to be liable (id. at 7). Defendants also argue that plaintiff's allegations of retaliation are insufficient to support a constitutional violation.

*Plaintiff's Response*

Plaintiff disputes most of the facts defendants assert are undisputed. For example, he contests whether he was provided adequate medical care, in particular whether the use of a "make-shift" hot pack created a hazardous condition or use medically approved devices and treatment (Docket No. 139, Pl. Statement ¶¶ 1-4). He disputes whether he was given a document by Nagel or officer Hodges about the hot pack being hot and requiring a towel to handle (id. ¶ 5). He also disputes the number of visits he had from Dr. Bukowski (id. ¶ 7). Plaintiff contends that

---

[3]The Defendants' Statement refers to a April 2007 misbehavior report, when that report was in fact in 2008, see Docket No. 129, Sheridan Decl. ¶¶ 3-4; Docket No. 130, Radder Decl. ¶¶ 3-4.

defendants contradict each other as to the details of what occurred during the incident and the number of times he was treated for the burn (see generally Docket No. 138, Pl. Br.).

Plaintiff contends that, on December 28, 2007, he was given a corded electric heating pad but the next day Nagel gave plaintiff the make-shift hot pack (id. ¶ 2, at page 1). Plaintiff claims that the pack left a permanent scar on his back and caused a serious injury (id.). He claims that he received inadequate medical care as a result (id. at 6). He argues that defendants violated his constitutional rights in not furnishing him with adequate medical equipment, see Langley v. Coughlin, 888 F.2d 252, 254 (2d Cir. 1989) (denial of provision of psychiatric care); Harris v. Thigpen, 941 F.2d 1495, 1509 (11th Cir. 1991) (systemic denial of medical services due to budgetary constraints), that the systemic deficiencies, see Todaro v. Ward, 565 F.2d 48, 52 (2d Cir. 1977), constitutes deliberate indifference (id. at 7).

*Defense Reply*

Defendants reply that plaintiff failed to establish elements for a deliberate indifference claim (Docket No. 143, Defs. Reply Memo.). They also introduced Dr. Bukowski's reply declaration, enumerating the times he (or someone from the medical staff under his supervision) saw plaintiff following his burn (Docket No. 141, Bukowski Reply Decl. ¶¶ 4, 5, 6-7), as well as noting a series of medical visits and examinations refused by plaintiff (id. ¶¶ 8-9).

DISCUSSION

A.  Summary Judgment Standard

Summary judgment is appropriate only if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of

law. Ford v. Reynolds, 316 F.3d 351, 354 (2d Cir. 2003); Fed. R. Civ. P. 56(c). The party seeking summary judgment has the burden to demonstrate that no genuine issue of material fact exists. In determining whether a genuine issue of material fact exists, a court must examine the evidence in the light most favorable to, and draw all inferences in favor of, the non-movant. Ford, supra, 316 F.3d at 354. "A dispute regarding a material fact is genuine 'if the evidence is such that a reasonable jury could return a verdict for the nonmoving party.' " Lazard Freres & Co. v. Protective Life Ins. Co., 108 F.3d 1531, 1535 (2d Cir.) (quoting Anderson v. Liberty Lobby, 477 U.S. 242, 248 (1986)), cert. denied, 522 U.S. 864 (1997). While the moving party must demonstrate the absence of any genuine factual dispute, Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986), the party against whom summary judgment is sought, however, "must do more than simply show that there is some metaphysical doubt as to the material facts. . . . [T]he nonmoving party must come forward with specific facts showing that there is a genuine issue for trial." Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586-87 (1986) (emphasis in original removed); McCarthy v. American Intern. Group, Inc., 283 F.3d 121, 124 (2d Cir. 2002); Marvel Characters v. Simon, 310 F.3d 280, 285-86 (2d Cir. 2002).

A motion for summary judgment may be made with or without supporting affidavits, Fed. R. Civ. P. 56(a) (claimant's motion), (b) (defendant's motion). But, as noted above discussing the defense motion to strike, when such an affidavit is submitted, it must be made on personal knowledge, setting out facts that would be admissible in evidence, and from an affiant competent to testify as to such matters, Fed. R. Civ. P. 56(e)(1), and the opposing party must respond to such an affidavit by not merely relying upon allegations or denials made in pleadings, but by

affidavit or other admissible evidence setting out specific facts showing a genuine issue for trial, Fed. R. Civ. P. 56(e)(2).

II.     Eighth Amendment Deliberate Indifference

Plaintiff asserts a deliberate indifference claim under the Eighth Amendment, and as such has the burden of proving that defendants acted with deliberate indifference to a serious medical need. Wilson v. Seiter, 501 U.S. 294, 297 (1991); Estelle v. Gamble, 429 U.S. 97, 104 (1976). The Eighth Amendment prohibits infliction of "cruel and unusual punishments" which includes punishments that "involve the unnecessary and wanton infliction of pain." Gregg v. Georgia, 428 U.S. 153, 173 (1976) (citations omitted); Hathaway v. Coughlin, 37 F.3d 63, 66 (2d Cir. 1994), cert. denied sub nom. Foote v. Hathaway, 513 U.S. 1154 (1995). The Eighth Amendment applies to prison officials when they provide medical care to inmates. Hathaway, supra, 37 F.3d at 66; see Estelle, supra, 429 U.S. at 103. "To establish an unconstitutional denial of medical care, a prisoner must prove 'deliberate indifference to [his] serious medical needs.'" Hathaway, supra, 37 F.3d at 66 (quoting Estelle, supra, 429 U.S. at 104). Mere negligent treatment or malpractice upon a prisoner, however, does not create an Eighth Amendment violation. Corby v. Conboy, 457 F.2d 251, 254 (2d Cir. 1972).

This claim has two elements, an objective component, that the deprivation must be sufficiently serious; and a subjective component, that the defendant official must act with sufficiently culpable state of mind. Hathaway, supra, 37 F.3d at 66. "Sufficiently serious" for the objective component contemplates "a condition of urgency, one that may produce death, degeneration, or extreme pain." Nance v. Kelly, 912 F.2d 605, 607 (2d Cir. 1990) (Pratt, J.,

dissenting) (quoted in Hathaway, supra, 37 F.3d at 66). Plaintiff needs to prove that defendants wantonly intended to cause him to suffer. Wilson v. Seiter, supra, 501 U.S. at 302.

III.  Application

    A.  Deliberate Indifference

Here, defendants argue that plaintiff has not established the objective component of his deliberate indifference claim, without addressing whether plaintiff established the subjective component.

Plaintiff here fails to raise a material issue of fact as to his objective care to suggest that defendants were deliberately indifferent. The alternative care he proposes, use of an electric heating pad, was not available to him while he was housed in the special housing unit.

Furthermore, plaintiff only marginally alleges the severity of the burn to meet the objective requirement. Plaintiff implicitly claims systemic deficiencies in the care afforded him, but plaintiff fails to show such deficiencies. What occurred here is the application of a single hot pack where a towel was not applied (either by defendants or by plaintiff in taking the pack without using a towel as instructed) with resulting blistering (see also, e.g., Docket No. 140, Pl. Aff. Ex. 8, Ambulatory Health Report Dec. 30, 2007, plaintiff complains of blister, medical staff noting reddened area on lumbar back, a 1-2 cm blister). Given plaintiff's placement in special housing, he was not entitled to a corded medical device such as an electric heating pad. Although he states in his brief (Docket No. 138, at ¶ 2 at page 1) that he used an electric pad the day before the incident, the record is contrary. In an exhibit he submitted in opposition to this motion (Docket No. 140, Pl. Aff. Ex. 7) plaintiff reproduced an internal memorandum from the nurse administrator of the regional medical unit at Wende to the inmate grievance supervisor

stating that a warm/hot pack was ordered for plaintiff on December 28, 2007, and that he received the pack that evening and on the day shift on December 29. The nurse on day shift (Nagel) told the nurse administrator that he used a warmed blue chux pad as the hot pad. According to the nurse administrator "this is what is commonly utilized to provide treatment ordered. An electric pad is not utilized." (Id.; see also Docket No. 103, Pl. Appendix for Trial, Ex. 9, Health Provider Order Sheet, entry for Dec. 28, 2007, ordering warm/hot pack to back for pain relief, two times a day) The administrator reports that plaintiff stated in his letter to her that he removed a piece of tape which stuck to his back after removing the pack and that may be the cause of plaintiff's blister (Docket No. 140, Pl. Aff. Ex. 7).

As stated regarding plaintiff's earlier dispositive motion (Docket No. 101, Order at 7-8), at best plaintiff's claims are for medical malpractice for this single incident and do not rise to the level of violation of plaintiff's Eighth Amendment rights against cruel and unusual punishment. The Court repeats that mere negligence is not sufficient to state a claim for deliberate indifference under the Eighth Amendment, see Gamble, supra, 429 U.S. at 106. Plaintiff's complaint, in part, stems from his belief that an electric heating pad should have been used. Even if DOCS regulations allowed the use of an electric pad here (and defendants here have presented regulations that bar the use of such pads (see Docket No. 142, Clemens Reply Decl. ¶¶ 3-7, Exs. A, C; see also Docket No. 140, Pl. Aff., Ex. 14, Memo. Dr. Clemens to D. Northrup, Jan. 17, 2008, regarding plaintiff's grievance, noting that electric heating pads are not availble in the infirmary or the regional medical unit and "in any event, moist heat, as in a hot pack, is far

preferable to dry heat for muscle pain relief"; Ex. A1, DOCS Directive # 4933[4])), "it is well-established that mere disagreement over the proper treatment does not create a constitutional claim. So long as treatment given is adequate, the fact that a prisoner might prefer a different treatment does not give rise to an Eighth Amendment violation," Chance v. Armstrong, 143 F.3d 698. 703 (2d Cir. 1998) (see also Docket No. 143, Defs. Reply Memo. at 4).

On this basis, plaintiff's claims are **dismissed** and the defense summary judgment motion (Docket No. 114) is **granted on this claim**. Further, even if plaintiff somehow established the objective component of his deliberate indifference claim, he fails to show that defendants deliberately acted to inflict pain to meet the subjective component of the claim. Plaintiff has not shown that defendants had a sufficiently culpable state of mind to want to inflict pain and suffering upon him.

B. Retaliation

Plaintiff alleges that he was retaliated against when he filed his grievances regarding his medical treatment. In that disciplinary proceeding, plaintiff admitted to the charged conduct (see Docket No. 115, Defs. Memo. at 9[5]). Claims of inmate retaliation are prone to abuse, hence the courts have required the claim be supported by specific and detailed factual allegations before full discovery of that claim is pursued, see Flaherty v. Coughlin, 713 F.2d 10, 13 (2d Cir. 1983); Warburton v. Underwood, 2 F. Supp. 2d 306, 313 (W.D.N.Y. 1998) (Siragusa, J.) (id. at 9-10).

---

[4]This directive is the same as is Exhibit C to Clemens' Reply Declaration, Docket No. 142. Plaintiff's exhibit is an excerpt of the first six pages of that directive.

[5]In an exhibit attached to his pretrial Appendix for Trial, Docket No. 103, Ex. I, plaintiff presents the hearing transcript from the misbehavior proceeding from the April 2008 incident, where he admits to yelling at Radder and throwing medical supplies out of his cell, although denies throwing them at her.

To survive a summary judgment motion, plaintiff needs to demonstrate for his First Amendment retaliation claim the existence of issues of fact that "(1) the speech or conduct at issue was protected, (2) that the defendant took adverse action against the plaintiff, and (3) that there was a causal connection between the protected speech and the adverse action," Dawes v. Walker, 239 F.3d 489, 492 (2d Cir. 2001) (id. at 10). Defendants contend here that plaintiff's retaliation claim is conclusory and unsupported and plaintiff has not shown a causal connection between the speech and an adverse action (id. at 11). Plaintiff's response (Docket No. 138, Pl. Br. at 10-11) merely reiterates his belief that Radder and Sheridan made a false misbehavior report in retaliation for plaintiff's prior grievance.

Plaintiff, however, fails to show the causal connection between the misbehavior report and his prior grievance. The grievance Radder presumably used to retaliate was one against her for failing to treat plaintiff on April 1, 2008, and that appears to be unrelated to the back burn that is the subject of his present deliberate indifference claim (see Docket No. 140, Pl. Aff., Grievance No. WDE 28475-08, Ex. A). He merely concludes that Radder retaliated without alleging more. Therefore, defendants' motion for summary judgment dismissing this claims is **granted**.

CONCLUSION

For the reasons stated above, defendants' motion for summary judgment (Docket No. 114) is **granted**. The Clerk of Court is instructed to close this case.

So Ordered.

*/s/ Hugh B. Scott*
Honorable Hugh B. Scott
United States Magistrate Judge

Dated: Buffalo, New York
June 9, 2010